■ In the Matter of the Claim of MARY CUTRO, Appellant, v. MOBILE WAREHOUSING, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— AULISI, J. Appeal by the claimant from a decision of the Workmen's Compensation Board, filed August 1, 1967, which disallowed a claim for death benefits. Claimant argues that decedent underwent excessive strain on the day of his death because of his being rushed and being required to make frequent trips up and downstairs. After referring the record to an impartial cardiologist, a majority of the board panel found that decedent did not sustain an accidental injury arising out of and in the course of his employment. The impartial specialist and the carrier's expert both testified against causal relationship. The resolution of conflicting medical testimony is for the board and its determination in this case is supported by substantial evidence. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.

■ In the Matter of the Claim of FANNIE FARBER, Respondent, v. U. S. TRUCKING CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed May 31, 1967, which held the claimant to be the lawful wife of the deceased employee. It must be noted at the outset that as a result of the procedural patterns of fact finding and legal review, some seven years have passed since the claim was filed and the claimant has not yet received a final determination of her right to benefits under this social legislation. Upon the last appeal to this court (24 A D 2d 1047) we essentially held that the board upon the record before it could find a valid common-law marriage in the State of Florida. The facts are no different in the present record than on the prior appeal and, accordingly, we affirm the factual determination of the board. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.